IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIRST TIME VIDEOS, LLC, | CASE NO. 11-CV-5417 |
| Plaintiff, | Judge: Hon. Rebecca R. Pallmeyer |
| v. | Magistrate Judge: Hon. Sheila M. Finnegan |
| DOES 1 – 23, | |
| Defendants. | |

**PLAINTIFF'S RESPONSE TO MOVANT'S MOTION TO QUASH OR MODIFY SUBPOENA**

An anonymous individual ("Movant") claiming to be associated with Internet Protocol ("IP") address 71.239.149.173 filed a motion to quash or modify subpoena. (Motion to Quash or Modify Subpoena, Oct. 19, 2011, ECF No. 23 [hereinafter "Motion to Quash"].) Movant argues that the 60 [sic] Defendants in this case have been improperly joined. (*Id*. at 3-6.)

**ARGUMENT**

This brief consists of two parts. Part I argues that Movant's motion should be stricken for failure to comply with Rule 11. Part II argues that joinder is proper at this early stage of litigation.

**I.  MOVANT'S MOTION SHOULD BE STRICKEN FOR FAILURE TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 11**

Movant fails to provide any identifying information sufficient to satisfy the Federal Rules of Civil Procedure. Fed. R. Civ. P. 11 provides that "[e]very pleading, written motion, and other paper must be signed" and "must state the signer's address, e-mail address, and telephone number." Fed. R. Civ. P. 11(a). This rule is intended to maintain the integrity of the system of

1

federal practice and procedure, deter baseless filings, and streamline the administration and procedure of federal courts. *Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 552 (1990); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). "[P]arties to a lawsuit must typically openly identify themselves in their pleadings to 'protect[] the public's legitimate interest in knowing all of the facts involved, including the identities of the parties.'" *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (citing *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)); *see also Qualls v. Rumsfeld*, 228 F.R.D. 8, 10 (D.D.C. 2005). The Court should exercise its inherent power to control its docket and strike Movant's Motion for its failure to comply with this essential rule. The Honorable Judge William Alsup explained the importance of Rule 11's signature requirements in another copyright infringement case, *IO Group, Inc. v. Does 1–244*, No. C 10-03647 WHA (N.D. Cal. May 10, 2011): "There is no way to determine whether the motion was filed by a real party in interest or a stranger to the litigation. As such, the filing is improper. . . . If Possible John Doe wishes to appear in this action anonymously or otherwise, he or she must follow the proper procedures for doing so." The same concerns are present here.

Allowing anonymous persons to litigate before a court raises many issues, including the risk that persons without any connection to a case whatsoever submit pleadings that affect the future course of litigation for actual parties to the case. The Court's esteemed colleagues from other jurisdictions apply this principle. *Hard Drive Productions, Inc., v. Does 1-21*, No. 11-cv-00059 SEB (S.D. Ind. July 27, 2011), ECF No. 22. ("[T]he Court cannot permit anonymous persons to litigate before it *pro se*.") *Pink Lotus Entertainment, LLC, v. John Does 1-53*, No. 11-cv-22103 (S.D. Fla. Sept. 6, 2011), ECF No. 19 (Striking a motion to dismiss because the anonymous John Doe failed to comply with Rule 11 of the Federal Rules of Civil Procedure).

Movant fails to provide a name, address, e-mail address, telephone number, or even a copy of any legal documents (such as the subpoena) he has received in this case. This Court cannot be sure that Movant has any legal status in this case. Movant could be anyone—perhaps someone who simply dislikes copyright infringement lawsuits. Movant could claim anything he wanted in a Motion and face no responsibility for what was asserted. The Court has a responsibility to the parties in a lawsuit to protect them from baseless accusations and unnecessary litigation. *Hard Drive Productions, Inc.*, No. 11-cv-00059 ("The Court must be informed as to the identity of the parties before it for whole host of good reasons, including but not limited to the need to make service of its orders, enforce its orders, and ensure that the Court's resources (and the public tax dollars that fund those resources) are not misspent on groundless litigation.") The Court should strike Movant's motion or order Movant to show cause for why his motion should not be stricken.

## II. JOINDER IS PROPER AT THIS EARLY STAGE OF THE LITIGATION

Movant argues that "Plaintiff's joinder of 60 [sic] defendants in this single action is improper and runs the tremendous risk of creating unfairness and denying individual justice to those sued." (Motion to Quash at 3.) Courts in the Northern District of Illinois, including this Court, and courts across the nation have rejected challenges to joinder at this early stage of the litigation. *Hard Drive Productions, Inc., v. Does 1-1000*, 10 C 5606 (N.D. Ill. 2011) (Pallmeyer, J.) ECF Nos. 196 and 201 (denying several motions to quash and motions to sever the defendants for misjoinder); *First Time Videos, LLC v. Does 1-500*, 10 C 6254, 2011 WL 3498227 (N.D. Ill. Aug. 9, 2011) (Castillo, J.), ECF No. 151 at *20-21 ("joinder at this stage is consistent with fairness to the parties and in the interest of convenience and judicial economy because joinder will secure the just, speedy, and inexpensive conclusion for both [Plaintiff] and any future named

defendants"); *First Time Videos, LLC, v. Does 1-76*, 11 C 3831 (N.D. Ill. (Aug. 16, 2011) (Bucklo, J.), ECF No. 38 at *10 ("in any event, findings of misjoinder in such cases are rare. The overwhelming majority of courts have denied as premature motions to sever prior to discovery"); *MGCIP [sic] v. Does 1-316*, 10 C 6677 (N.D. Ill. June 9, 2011) (Kendall, J.), ECF No. 133 (finding the movant's misjoinder argument premature); *Hard Drive Productions, Inc. v. John Does 1-44*, 11 C 2828 (N.D. Ill. Aug. 9, 2011) (Holderman, C.J.), ECF No. 15 (same); *MCGIP, LLC v. Does 1-14*, 11 C 2887 (N.D. Ill. July 26, 2011) (Lindberg, J.), ECF No. 19 (finding the movant's misjoinder argument premature because defendants had not yet been named in the case); *Hard Drive Productions, Inc., v. Does 1-46*, C-11-1959 EMC (N.D. Cal. June 23, 2011) (Chen, J.), ECF No. 22 at *2 ("[a]t this state in the litigation, when discovery is underway only to learn identifying facts necessary to permit service on Doe defendants, joinder of unknown parties identified only by IP addresses is proper") (citing *Voltage Pictures, LLC v. Does*, No. 10-873 (BAH), 2011 U.S. Dist. LEXIS 50787, at *29 (D.D.C. May 12, 2011).

 The wisdom of the decisions preserving joinder at the early stages of the litigation has become apparent through practical experience in these cases. By way of example, in another case filed by Plaintiff's counsel in the Northern District of Illinois against 28 doe defendant(s), *each* IP address turned out to be associated with the *same* individual. *See First Time Videos, LLC, v. Does 1-28*, 11 C 2982 (N.D. Ill. Sept. 26, 2011), ECF No. 15. Had the court there severed the case before the plaintiff had completed early discovery, Plaintiff would have unwittingly filed 28 separate copyright infringement actions against the same anonymous individual. This would have entailed 28 separate filing fees, complaints, civil cover sheets, attorney appearance forms, corporate disclosure statements, motions for expedited discovery, memoranda of law in support thereof, declarations, proposed orders, motion hearings and subpoenas. The responding doe

defendant would have received 28 separate ISP notification letters, would have had to file 28 separate motions to quash and answer 28 separate complaints—lest he be subject to a default judgment. These actions would have placed a significant and unnecessary burden on the Northern District of Illinois. No plausible argument can be made that severance would have been appropriate in this real world example. The same is true here.

While joinder rules are ultimately discretionary in nature, this discretion is not without limit. According to the Second Circuit, "an attempt to separate an *essentially unitary problem* is an *abuse of discretion*." *Spencer, White & Prentis, Inc. v. Pfizer, Inc.*, 498 F.2d 358, 362 (2d Cir. 1974) (emphasis added); *see also Leslie*, 2010 WL 2991038 at \*4 (citing the abuse of discretion standard set forth in *Spencer, White & Prentis, Inc.*); *Zaldana v. KB Home, et al.*, C 08-3399, 2010 WL 4313777 at \*1 (N.D. Cal. Oct. 26, 2010) (Chesney, J.). Should the Court choose to sever this case, its *sua sponte* actions could have repercussions. Considering it is likely that individuals in this case are associated with multiple IP addresses in, the Court would be severing an identical claim against an identical individual. As the Court understands, the Court would then be severing a case with the purest imaginable form of a "unitary problem."

## CONCLUSION

Movants motion should be denied. Movant's motion should be stricken for failure to comply with Rule 11. Joinder is proper at this early stage of litigation.

[Intentionally left blank]

5

                                              Respectfully submitted,

                                              FIRST TIME VIDEOS, LLC,

**DATED:** October 25, 2011

                                 By:    /s/ John Steele
                                              John Steele (Bar No. 6292158)
                                              Steele Hansmeier PLLC
                                              161 N. Clark St., Suite 3200,
                                              Chicago, IL 60601
                                              312-880-9160; Fax 312-893-5677
                                              jlsteele@wefightpiracy.com
                                              *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 25, 2011, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a).

/s/ John Steele

JOHN STEELE